VOROS, Judge
(concurring in part and dissenting in part):
118 I concur in the majority opinion's denial of Walker's request for attorhey fees. Otherwise, I respectfully dissent,. I do not agree that we can avoid the question on which this case was decided below and argued on appeal: whether Walker stated a proper purpose for demanding to inspect and copy the corporate records at issue here. In my judgment, Walker did state a proper purpose, and furthermore, the corporate ree-ords Walker demanded directly relate to that purpose. I would accordingly reverse the district court on this point.
{19 The majority opinion reasons as follows: (1) "To fulfill a member's request to inspect the nonprofit corporation's records regarding its members, the nonprofit corporation may 'furnish[ ] to the ... member a list of directors or members that ... complies with Subsection 16-6a-1601(8)/ " supra 110 (quoting Utah Code Ann. § 16-62-1608(4) (LexisNexis 2018)); (2) subsection 16-6a-1601(8) "requires a nonprofit corporation to maintain a record of its members in a form that permits preparation of a list of the name and address of all members/" id. (quoting Utah Code Ann. § 16-6a-1601@8)); and thus (8) a nonprofit corporation satisfies 'a member's demand to inspect and copy the records pertaining to the nonprofit corporation's members by furnishing a list of the members' names and addresses, id. (citing Utah Code Ann. §§ 16-62a-1601(8), -1608(4)).
120 I am unpersuaded by the majority's analysis, because I believe its major premise misreads the scope of section 16-6a-1608(4). That section does not govern all demands to inspect a nonprofit corporation's records of its members, only demands to inspect "the record of members under Subsection 16-6a-1601(8)." Utah Code Ann. § 16-6a-1608(4). Subsection 16018) requires a nonprofit corporation to maintain, or at least be able to readily provide, a list of the names and addresses of all its members. Id. § 16-62-1601(8).
121 But Walker did not limit its demand to a list of member, names and addresses maintained under subsection 1601(8). Walker sought a wide array of corporate records. Of particular relevance here, Walker sought to inspect and copy "the email addresses and phone numbers" of all the Association's members. Because subsection 1608(4) specifically *680 applies only to demands for the list of member names 'and addresses under subsection 1601(8), that subsection does not govern Walker's demand. . Accordingly, we must grapple-as did the district court and the parties on appeal-with whether Walker's demand satisfied other sections of the Act.
[ 22 The 'Act identifies three categories of records. The first and narrowest category of records includes only an alphabetical list of the members' names, addresses, and allowed number of votes. Id. § 16-62-1601(8). Subsection 16018) requires the nonprofit corporation to keep this list[3] And subsection 1608(4) requires the nonprofit corporation to provide a current version of the list to a member demanding to inspect and copy it.[4] The majority opinion addresses only this category of records.
T23 The second category of records consists of those records that subsectipn 1601(5) requires every nonprofit corporation to keep. Id. § 16-62a-1601(5).[5] This category includes articles, bylaws, resolutions, minutes, and financial statements. See id. Subsection 1602(1) governs a member's right to inspect and copy these records. , Id. § 16-6a-1602(1). That subsection reduires only that the inspection occur during regular business how's at the nonprofit corporation's principal office with at least five business days' notice. Id. § 16-62-1602(1)(a)-(c).
124 The third category of records-the one at issue here-consists of all other ree-ords of the corporation,. Subsection 1602(2) allows members "to inspect and copy any of the other records of the nonprofit corporation." Utah Code Ann. § 16-62a-1602@) (LexisNexis 2018). No records are excluded. Hence, a member's right to inspect and copy any -of the other records of the nonprofit corporation .is. broad. But not absolute: a demand under subsection 16028) must be made in good faith and seek records directly connected to a proper purpose:
A .., member may inspect and copy the records described in [subsection 1602(2)] only if: (a) the demand is made () in good faith; and (i) for a proper purpose; (b) the member describes with reasonable particularity the purpose and the records the director or member desires to inspect; and (c) the records are directly connected with the described purpose,
Id. § 16-6a-1602(8).. Subsection 1602(7) imposes an additional constraint. . Subsection 1602(7) states that a "member may not use any information obtained through the inspection or copying of records permitted by [subsection 1602(2) ] for any. purposes other than *681 those set forth in a demand made under [subsection 16028) ]." Id. § 16-62-1602(7).
[ 25 The present dispute does not concern the first category of records (an alphabetical list of the members' names and addresses) or the second (records the Act requires every nonprofit corporation to keep). See id. §. 16-62a-1601(8), (5). Rather, it concerns "other records of the nonprofit corporation." See id. § 16-62a-1602(2). Accordingly, we are called upon to decide whether Walker complied with the requirements of subsection 1602(8) that limit the seope of the right to inspect such records.
[ 26 Again, subsections 1602(2) and 1602(8) allow a member to demand to inspect any other records of a nonprofit so long as four requirements are met: (1) the demand is made in good faith; (2) the demand is for a proper purpose; (8) the demand describes the purpose of the inspection and the records to be inspected with particularity; and (4) "the records are directly connected with the described purpose." Id. § 16-6a~1602(8). And for purposes of section 1602, the Act defines "proper purpose" as "a purpose reasonably related to the demanding member's . interest as a member." Id. § 16-62-1é02(4)(b).
T27 The district court did not rule, nor does the Association contend, that Walker did not make its demand in good faith And although the district court and the parties speak in terms of whether Walker identified "a proper purpose" for inspecting and copying the demanded records, neither contests that Walker's stated purposes in demanding the records reasonably related to its interest as a member of the nonprofit corporation. Accordingly, Walker's demand did have a proper purpose. But that fact does not conclude the matter. Walker must also show that the records it demands are "directly connected with" its described purposes. See id. § 16-6a-1602@8)(c).
28 Walker's demand to inspect and copy records stated five purposes. These included (1) to verify the Association's compliance with its governing documents, statutory law, and other regulations; (2) to investigate the cost and nature of services provided by employees and vendors for the Association; and (3) to communicate with other Association members concerning the Association's compliance or lack of compliance with legal requirements and any conflicts of interest in the operation of the Association. -
129 Although the district court's order speaks in ternmis of Walker's lacking a proper purpose, the ruling in fact concludes that Walker did not need all the records it demanded to accomplish its purpose. Specifically, the court found that Walker could contact other members of the nonprofit corporation by using the street addresses the Association had already provided, rather than with the members' phone numbers and email addresses:
The court finds (Walker] does not have a proper purpose in requesting more than the name and address of the members of the Association. The court finds that the [Association] has produced documentation containing the names and addresses of the members which provides a sufficient method to contact the members.
Similarly, the district court ruled that Walker did "not have a proper purpose in requesting the logs or records related to the [Association's] members' access to the [Association's] Clubhouse." In effect, the district court ruled that these records were not "directly connected" to Walker's stated purposes.
180 I do not believe the Act authorizes this level of judicial serutiny. First of all, Walker's stated purposes are without question "reasonably related to [its] interest as a member" of the nonprofit corporation. Utah Code Ann. § 16-63a-1602(4)(b) (LexisNexis 2018). Those purposes include communicating with other members concerning whether the Association's directors are running the Association in compliance with legal requirements and free of conflicts of interest, Furthermore, in my opinion, the phone numbers and email addresses of the other members are directly connected to Walker's proper purpose of communicating with other members of the Association. Indeed, communicating with a person would seem to be the most obvious use for that person's phone number and email address.
*682 1 31 The district court ruled that the list of members' names and addresses provides "a sufficient method to contact the members." Maybe so, but that is not the statutory test as I understand it. The statute requires that the records be "directly connected" with-not necessarily. essential to-a proper purpose; that Walker could communicate with its fellow members by letter does not, under the Act, restrict it to that obsolescent mode of communication. j |
T32 Similarly, I believe Walker's demand' to inspect and copy the elubbhouse logs is directly connected to Walker's purpose of ensuring the Association's conflict-free compliance with applicable legal requirements. Members' assessments pay for common areas, and the use of common areas constitutes a valuable resource of the nonprofit corporation. And an entity's declaration, bylaws, or rules may address who can use common areas and when. Accordingly, knowing who has used common areas and when is directly connected to Walker's stated purpose of investigating whether those running the Association have complied with the nonprofit corporation's declaration, bylaws, and rules.
133 For the foregoing reasons, I would reverse the judgment 'of the district court. However, like the majority, I would deny Walker's request for attorney fees, In my judgment, the Association's reading of the statutory scheme, though legally wrong, is not unreasonable.

. Subsection 1601(3) provides:
A nonprofit corporation or its agent shall maintain a record of its members in a form that permits preparation of a list of the name and address of all members:
(a) in alphabetical order, by class; and
(b) showing the number of votes each member is entitled to vote.
Utah Code Ann. § 16-6a-1 601(3) (LexisNexis 2013)

. Subsection 1603(4) imposes no obligations on the demanding member. Rather, it prescribes one manner by which the nonprofit corporation may comply with the member's demand to inspect and copy the records described in subsection 1601(3):
The nonprofit corporation may comply with a . member's demand to inspect the record of members under [subsection 1601(3)] by furnishing to the ... member a list of directors or members that: (a) complies with [subsection 1601(3)]; and (b) is compiled no earlier than the date of the ... i member's demand.
Id. § 16-6a-1603(4).

. Subsection 16016) provides:
A nonprofit corporation shall keep a copy of each of the following records at its principal office:
(a) its articles of incorporation;
(b) its bylaws;.
(c) resolutions adopted by its board of directors relating to the characteristics, qualifi"cations, rights, limitations, and obligations of members. or any class or category of members;
(d) the minutes of all members' meetings for a period of three years;
' {e) records 'of all action taken by members without a meeting, for a period of three years;
(€ all written communications to members generally as members for a period of three years;
(g) a list of the names and business or home addresses of its current directors and officers;
(b) a copy of its most recent annual report delivered to the division under Section 16-6a-1607; and
i) all financial statements prepared for periods ending during the last three years that a member could have requested under Section 16-6a-1606.
Id. § 16-6a-1601(5).